## Kellogg Newspaper Company v. The East St. Louis Journal Publishing Company.

1. LESSOR—*Liability for Debts of the Lessee—Notice of Conditions.*— A person who leases a plant for a year on condition that the business should be conducted without liability or expense to him, the lessor, and afterward, during the term, takes possession of such plant on account of the inability of the lessee to manage the business, can not be held liable for articles furnished to said lessee by persons having notice of the condition.

Assumpsit, for goods sold, etc. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed September 5, 1896.

WISE & McNULTY, attorneys for appellant.

FORMAN & WATTS, attorneys for appellee.

Where one partner sells his interest to the others, without any agreement as to the use of the firm name, the continuing partners can not use the old name, because it will impose liability upon the retiring member. 2 Bates on Partnership, Sec. 671.

If the person seeking to hold the retiring partner of the old firm, on an unauthorized contract in its name, knew of the change in the firm, this is evidence of actual notice. Bates on Partnership, 2d volume, section 623; Holdane v. Butterworth, 5 Bosw. 1, 10; Irby v. Vining, 2 McCord L. 379.

Whatever is notice enough to excite attention and put a party on his guard and call for inquiry, is notice of everything to which such inquiry might have led, and every unusual circumstance is a ground of suspicion and prescribed inquiry. Russell et al. v. Ranson, 76 Ill. 167.

What is sufficient to put a party upon inquiry is good notice of whatever the inquiry would have disclosed. Watt v. Schofield, 76 Ill. 261.

Whatever is sufficient to put a party upon inquiry which

446    APPELLATE COURTS OF ILLINOIS.

VOL. 66.] Kellogg Newspaper Co. v. E. St. L. Journal Pub. Co.

would lead to the truth, is in all respects equal to and must be regarded as notice. C. & R. I. R. R. Co. v. Kennedy, 70 Ill. 350; Babcock v. Lisk, 57 Ill. 329.

It is sufficient if the channels which would have led him to the truth were open before him, and his attention so directed that they would have been seen by a man of ordinary prudence and caution. Harper v. Ely, 56 Ill. 194; Henneberry v. Morse, 56 Ill. 394.

The old common law notion that a corporation can not act except by deed under its corporate seal, has long since dropped from the law, and to-day a corporation need to use its seal only when it would be essential for an individual to use one. A corporation may be bound by oral or written contracts which are neither authorized nor executed under the corporate seal. Taylor on Private Corporations, section 248; Bank of U. S. v. Danbridge, 12 Wheat. 64.

The doctrine that corporations can not make contracts only under the corporate seal, is not in force in this State. Coppinger v. Armstrong, 8 Brad. 210.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit in assumpsit, by appellant against the appellee, was commenced June 24, 1895, and was brought to recover a balance claimed to be due on an account for items furnished appellee. These items were all furnished during May, June, July, and up to August 13, 1892.

The defense interposed is that the items were delivered to Ben Deering, with whom appellee agreed, on September 25, 1891, that he should edit, manage and control " The East St. Louis Daily Journal" for one year, under certain conditions and restrictions, among which was the condition that he would conduct said paper without any liability or expense whatever to appellee; that appellant had notice of this agreement, and extended credit to Deering, and not to appellee, for the items sued for and afterward delivered to Deering. Under this agreement he took control and management of the paper, and continued to do so until the

fore part of August, 1892, when, being unable to longer carry out and perform his contract, appellee took possession of the office and the paper; and testimony was introduced on its behalf to show that this ·fact was made known to appellant immediately, and an agreement made for a renewal of the telegraph service by it for appellee.

We have carefully examined the evidence in the record, and while there is a conflict upon material points, yet there was testimony which the jury had the right to credit, showing direct notice to appellant of the change in the control of the paper from appellee to Deering; and in addition to this, there were circumstances in evidence sufficient to indicate appellant had notice of this change, and extended credit to Deering · for the items thereafter furnished up to the time he ceased doing business, in August, 1892.

The proper name of defendant was "The East St. Louis Journal Publishing Co.;" but by the lease, Deering was not authorized to use this name, but used the name of "The East St. Louis Journal." Before the leasing, the order introduced in evidence was signed, "Journal Pub. Co., J. W. Kirk, Man." Orders sent after Deering assumed control were signed, "East St. Louis Journal, Ben Deering, Manager." In reply to a letter addressed to defendant, dated June 27, 1892, an excuse for not paying is offered, and the reply is signed, "East St. Louis Journal, B. D." Appellant also accepted, in payment of past accounts, two notes, dated May 25, 1892, each for $65.78, one payable June 10th, the other on June 30th, after date, signed "East St. Louis Journal, Ben Deering, Manager."

These and other facts in evidence satisfy us the jury were justified by the evidence in finding the appellant had notice of the fact they were dealing with and extending credit to Deering, and not to appellee, for all the items contained in the account sued on, and in finding for the defendant.

We find no error in admitting the agreement mentioned in the evidence. It was ordered to be executed by appellant, and was recognized by it as sufficient authority for Deering to take possession of, control and manage "The

East St. Louis Journal," using for that purpose the printing plant of appellee.

We find no reversible error in the giving or refusing instructions, and are satisfied the verdict and judgment are right. The judgment is affirmed.